22
Stephen M. Reynolds CSB 148902
Reynolds Law Corporation
424 Second Street, Ste. A
Davis, CA. 95616
530 297 5030 voice
530 297 5077 fax
sreynolds@lr-law.net

*Proposed Attorneys for Debtor SlideBelts Inc.*

# UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 20-24098 |
| | DC No. RLC-1 |
| SLIDEBELTS INC., | Chapter 11 |
| Debtor. | Judge Fredrick E. Clement |
| | **Expedited Interim Hearing Requested** |

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. § 363 AUTHORIZING USE OF CASH COLLATERAL, GRANTING REPLACEMENT LIENS, AND APPROVING DIP BUDGET

Debtor SlideBelts Inc. ("**SlideBelts**" or the "**Debtor**"), debtor and debtor in possession, by and through its undersigned proposed counsel, hereby moves the Court (the "**Motion**") under Section 105, 363, 1107, and 1108 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1(c) of the Local Rules of Bankruptcy Practice for the Eastern District of California (the "**Local Rules**") for entry of interim and final orders (the "**Interim Order**" and "**Final Order**") attached as Exhibit A and Exhibit B hereto, respectively, authorizing the Debtor to use certain cash collateral, granting replacement liens, and approving the Debtor's proposed budget, attached as Exhibit 1 to the Interim Order and Final Order (the "**DIP Budget**"). This Motion is supported by the arguments and authorities set forth below, the Declaration of Brig Taylor in Support of the Debtor's Chapter 11 Petition and Requests for First-Day Relief (the "**First-Day**

Motion for Authority to Use Cash Collateral

1    Declaration"), and the entire record before the Court in this Chapter 11 case (this "**Chapter 11**

2    **Case**").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4836-2573-0208v.1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    JURISDICTION**

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The Debtor's principal offices and principal place of business are within the Eastern District of California, and, therefore, venue is proper in this District under 28 U.S.C. §§ 1408(1) and 1409.

3.    The Debtor requests an interim order authorizing the use of cash collateral. The Debtor further requests that the Court schedule a hearing (the "**Final Hearing**") to consider entry of the Final Order authorizing use of cash collateral, granting replacement liens, and approving the proposed DIP Budget.

4.    The bases for the relief requested herein are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, 9014, and 9019, and Local Rule 4001-1(c).

**II.   BACKGROUND**

**A.    General Background**

5.    The Debtor is a designer, marketer, and online retailer of the innovative SlideBelt™ line of products. The Debtor's flagship products are men's and women's belts that use a patented dual-notched track sewn into the underside of the belt strap that fits into a dual-ratchet lever (buckle) to finely adjust the belt's circumference instead of the traditional prong (or pin or tongue) and hole. A tab in the buckle engages with the notches to lock the buckle into place. The result is a belt that lasts longer, can be more finely adjusted, does not bulge, and looks cleaner and sleeker than traditional belts. The Debtor's products are made of premium materials such as high-strength steel, top-grain and full-grain leathers, quality canvas, and non-synthetic, vegan products that offer more animal-friendly and cruelty-free materials. The Debtor also designs and sells watches, wallets, and other accessories.

6.    On August 12, 2019 (the "**Petition Date**") the Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States District Court for the Eastern District of California, Sacramento Division (the "**Bankruptcy Court**"). A

Motion for Authority to Use Cash Collateral

1  detailed description of the Debtor and its business and the facts and circumstances leading to the

2  filing of the petition for relief are set forth in the *Declaration of Brig Taylor in Support of Chapter*

3  *11 Petition and First Day Motions* filed on the Petition Date. Additional factual information

4  specific to the Motion is set forth below.

5          **B.      Background Specific to the Motion**

6          7.      The following creditors may[1] have claims secured by property of the Debtor's

7  estate that includes cash collateral or property that will become cash collateral as defined in section

8  363 of the Bankruptcy Code:

9                  a)      **First U.S. Community Credit Union ("First US")** – the Debtor's SBA

10 lender, which has a first-priority lien on substantially all of the assets on which liens can be

11 perfected by filing a UCC-1[2] with an outstanding balance as of the Petition Date of

12 approximately $440,102 under UCC-1s filed April 21, 2015 and August 4, 2015.

13                 b)      **Amazon Lending** or **Amazon Capital Services, Inc. ("Amazon")**–

14 which has a lien in certain collateral, most notably any inventory stored with Amazon under a

15 UCC-1 filed January 4, 2017, as amended on November 16, 2018, with an outstanding balance

16 as of the Petition Date of approximately $400,939.

17

18 _____

19 [1] The Debtor's listing of the Secured Creditors and Secured Claims here is not an admission of the validity, perfection, priority, or amount of any secured or unsecured claim against the Debtor's estate, and the Debtor reserves all of its rights with respect to all such claims.

20 [2] The collateral description in First US's UCC-1 is as follows:

21          All inventory, equipment, accounts (including but not limited to all chattel paper, instruments (including but not to all promissory notes), letter-of-credit rights, letters of credit, documents,

22          deposit accounts, investment property, money, other rights to payment and performance and general intangibles (including but not limited to all software and all payment intangibles); all oil,

23          gas and other minerals before extraction, all oil, gas, other minerals aid accounts constituting as-extracted collateral; all fixtures, all timber to be cut, all attachments, assessions, accessories,

24          fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing

25          property, all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property,

26          and all equipment, inventory and software to utilize, create, maintain, and process any such records and data on electronic media; and all supporting obligations relating to the foregoing

27          property, whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and

28          proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

4836-2573-0208v1

c)    **Kalamata Capital Group, LLC** ("**Kalamata**") purports to hold a secured interest in future receivables. This claim is disputed, Debtor intends to file an objection to the claim of Kalamata. Among other defects Kalamata's UCC-1 was filed in California, Debtor is a Delaware corporation. Debtor believes that Kalamata is an unsecured creditor.

d)    **US Small Business Administration** ("**SBA**") holds a secured claim in the approximate amount of $150,000 on account of an Economic Injury Disaster Loan ("EIDL"). The loan is secured by a junior lien on inventory and accounts.

8.    It is unclear from the filed UCC-1 forms whether other creditors are secured and perfected in assets comprising the Debtor's estate because the names of the creditors do not match up in each instance with the names of the services on the UCC-1 forms (*e.g.*, "Corporation Service Company" and "First Corporate Solutions," which do not match any of the Debtor's creditors). A copy of the latest report of filed UCC-1 forms is attached as Exhibit C hereto.

9.    As relevant to cash collateral issues, the Debtor believes that the cash in its checking account is unsecured because no person other than the Debtor has a control agreement or possession of the accounts. The only collateral constituting cash collateral will be the proceeds generated from the sale of its inventory after the Petition Date (the "**Cash Collateral**").

10.    The Debtor sustains its operations through the sale of its inventory and reinvestment of the proceeds into operations and new inventory. If service on pre-Petition Date debt is taken out of the calculation, the Debtor's operations are on average cash-flow positive. (*See* DIP Budget (showing the Debtor's cash position moving from $155,836 in the week ending August 30, 2020 to $229,944 in the week ending December 27, 2020[3]).) Accordingly, so long as replacement liens are granted and adequate protection payments (equal to the interest accruing on each secured debt), the Secured Creditors are adequately protected, and the collateral pool, including inventory is growing.

---

[3] Cash then declines as inventory is replenished after the holidays.

4836-2573-0208v.1

### III.    RELIEF REQUESTED AND BASIS FOR RELIEF

By this Motion, the Debtor seeks entry of interim and final orders authorizing the Debtor to use the Cash Collateral, granting replacement liens, and approving the DIP Budget. The Debtor's need to use Cash Collateral is immediate and critical. The funds are necessary to enable the Debtor to continue operations and to administer and preserve the value of its estate as a going concern. The ability of the Debtor to cash flow its operations, maintain business relationships, maintain its market presence, circulate its inventory, and otherwise continue as a going concern requires the availability of working capital from the Cash Collateral, the absence of which would immediately and irreparably harm the Debtor, its estate, its creditors, and equity holders, and the possibility for a successful administration of the Case.

The Debtor is seeking immediate interim approval for its use of Cash Collateral to provide sufficient funds for working capital required to continue its business operations. In general terms, the Cash Collateral is to be used as follows: (a) to pay post-petition operating expenses of the Debtor incurred in the ordinary course of business such as payroll, rent, new inventory, advertising; (b) to pay costs and expenses of administration of the Case, including payment of approved professional fees, (c) to pay all other amounts as specified in the DIP Budget.

The Debtor requests authorization to be deemed consistent with the DIP Budget so long as the Debtor does not exceed the DIP Budget by up to fifteen percent on average across all expenditures during any four-week period.

In support of the relief requested herein, the Debtor relies on this Motion, the First-Day Declaration, and all supporting pleadings and evidence filed therewith, and will be prepared to provide additional evidence at the Final Hearing, if required.

#### A.    Compliance with Local Rule 4001-1(c)

The Debtor makes the following disclosures in accordance with Local Rule 4001-1(c) regarding the relief requested in this Motion:

| Sub. | Type of Provision | Requested Relief? |
|------|-------------------|-------------------|
| A | Cross-Collateralization | No |
| B | Binding Findings of Fact by Parties | No |

4836-2573-0208v1

| | Binding Findings of Fact against Non-Parties | No |
|---|---|---|
| C | | |
| D | Waivers of 11 U.S.C. § 506(c) | No |
| E | Limitations on Debtor's Rights in Chapter 11 | No |
| F | Releases of Secured Creditor Liability for Torts or Breaches | No |
| G | Waivers of Avoidance Actions | No |
| H | Automatic Relief from the Automatic Stay upon Default | No |
| I | Waivers of the Procedural Requirements for Foreclosure | No |
| J | Adequate Protection Provisions that Create Liens on Claims | No |
| K | Waiver of the Debtor's Right to Seek Non-Consensual C. Coll. | No |
| L | Findings of Fact on Matters Extraneous to the Approval Process | No |

## B.    Bankruptcy Code Section 363(b)(1).

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." In considering a proposed use of property outside of the ordinary course, courts look at whether the proposed use of the property is in the best interests of the estate based on the facts of the case. *See Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (9th Cir. BAP 1988) (citing *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)). This requires an examination of the "business justification" for the proposed use. *Walter*, 83 B.R. at 19 ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business . . . .").

A motion for cash collateral under section 363 also requires a debtor to show that the interests of lienholders are adequately protected,

> [d]ebtors have the burden of proof on the issue of adequate protection. In *O'Connor*, the Tenth Circuit wrote: 'The whole purpose in providing adequate protection for a creditor is to insure that the creditor receives the value for which the creditor bargained prebankruptcy.' In determining these values, the courts have considered 'adequate protection' a concept which is to be decided flexibly on the proverbial 'case-by-case' basis.'

4836-2573-0208v1

*In re Utah 7000, L.L.C.,* 2008 WL 2654919, at \*3 (Bankr. D. Utah 2008) (J. Boulden) (quoting *In re O'Connor*, 808 F.2d 1393 (10th Cir. 1987).

In this case, the Secured Creditors will be adequately protected for the use of the Cash Collateral – the proceeds of inventory sales – by their liens, the replacement liens the Debtor seeks to grant them, and by the adequate protection payments the Debtor proposes to pay equal to the accruing interest on the Secured Claims.

     **C.**     **Bankruptcy Code Section 105(a).**

Section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The relief requested herein is necessary and appropriate to carry out the goals and provisions of the Bankruptcy Code and its facilitation of rehabilitation and reorganization of the Debtor's financial affairs.

     **D.**     **Interim and Final Relief**

There is ample evidence that failure to obtain authorization to use Cash Collateral set forth in the Interim Order will result in immediate and irreparable harm to its estate, including loss of the Debtor's going-concern value and the loss of inventory. Accordingly, by this Motion, the Debtor requests (a) entry of the Interim Order, granting such relief on an Interim Basis and (b) that the Court schedule the Final Hearing to consider the relief requested in this Motion on a final basis.

**IV.     NOTICE**

The Debtor provided an advanced courtesy copy of this Motion to and sought the input of the U.S. Trustee prior to filing.

No trustee or examiner has been appointed in the Chapter 11 Case. The Debtor has provided notice of this Motion to (a) the Office of the United States Trustee for the Eastern District of California; (b) the parties listed on the List of Creditors Holding the 20 Largest Unsecured Claims for the Debtor; (c) all ECF notice parties; (d) the United States Internal Revenue Service; (e) the California Franchise Tax Board; and (f) all notice parties in the UCC-1s filed against the Debtor that have not been terminated, and all alleged secured creditors in the Debtor's books and records, including the following:

4836-2573-0208v1

| FC PARTNERS, LP (DBA FUNDING CIRCLE PARTNERS, LP) ONE UNION STREET, SUITE 210 SAN FRANCISCO, CA, 94111 | CIRCLE LENDING, LLC C/O VICTORY PARK CAPITAL ADVISORS, 227 WEST MONROE STREET, SUITE 3900 CHICAGO, IL, 60606 |
| --- | --- |
| FC PARTNERS, LP (DBA FUNDING CIRCLE PARTNERS, LP) 747 FRONT ST., FLOOR 4 SAN FRANCISCO, CA 94111 | MAGOO FINANCIAL 6475 E. PACIFIC COAST HIGHWAY #545 LONG BEACH, CA 90803 |
| FIRST U.S. COMMUNITY CREDIT UNION 580 UNIVERSITY AVE SACRAMENTO  CA, 95825 | AMAZON CAPITAL SERVICES, INC. 2201 WESTLAKE AVE SEATTLE, WA 98121<br><br>Attn:  Officer, Managing or General Agent or Agent for Service of Process Amazon Capital Services, Inc. 410 Terry Ave. N Seattle, WA. 98109 |
| CORPORATION SERVICE COMPANY, AS REPRESENTATIVE P.O. BOX 2576 SPRINGFIELD, IL 62708 | U.S. SMALL BUSINESS ADMINISTRATION OFFICE OF DISASTER ASSISTANCE 14925 KINGSPORT ROAD FORT WORTH, TX 76155 |
| U.S. SMALL BUSINESS ADMINISTRATION LEGAL DIVISION DISTRICT OFFICE 6501 SYLVAN ROAD, STE. 100 CITRUS HEIGHTS, CA 95610 | Kalamata Capital Group, LLC 7315 Wisconsin Avenue East Tower Ste. 550 Bethesda, MD 20814<br><br>Attn: Officer, Managing or General Agent, or Agent for Service of Process c/o CSC – Lawyers Incorporating Service 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA. 95833 |

In light of the nature of the relief requested in this Application, the Debtor respectfully submits that no further notice is necessary.  No prior application for the relief sought in this Motion has been made to this Court or any other court in connection with this Chapter 11 Case.

4836-2573-0208v.1

1  **V.      CONCLUSION**

2          WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests the Debtor

3  requests (a) entry of the Interim Order, authorizing the Debtor to use Cash Collateral, granting

4  replacement liens, and approving the DIP Budget on an Interim Basis and (b) that the Court

5  schedule the Final Hearing to consider the relief requested in this Motion on a final basis.

6

7  Dated:  August 26, 2019                          REYNOLDS LAW CORPORATION

8

9                                                          /s/ Stephen M. Reynolds
                                          By:        Stephen M. Reynolds

10

11                                                   *Proposed Attorneys for SlideBelts Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

4836-2573-0208v1

**EXHIBIT A**

**INTERIM ORDER**

Stephen M. Reynolds CSB 148902
Reynolds Law Corporation
424 Second Street, Ste. A
Davis, CA. 95616
530 297 5030 voice
530 297 5077 fax
sreynolds@lr-law.net

*Proposed Attorneys for Debtor SlideBelts Inc.*

## UNITED STATES BANKRUPTCY COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No. 20-24098 |
| In re: | DC No. RLC-1 |
| SLIDEBELTS INC., | Chapter 11 |
| Debtor. | Judge Fredrick E. Clement |
| | **Expedited Interim Hearing Requested** |

---

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, GRANTING REPLACEMENT LIENS, AND APPROVING DIP BUDGET

---

Upon the motion (the "**Motion**")[4] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") seeking entry of an order authorizing the Debtor to use certain cash collateral, granting replacement liens, and approve the Debtor's proposed budget, attached as Exhibit 1 to this Interim Order, and the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"), and upon the *Declaration of Brig Taylor in Support of Chapter 11 Petition and First Day Motions*, and upon the record of the proceedings before this Court, and the Court finding that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given for the interim relief sought

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion for Authority to Use Cash Collateral

herein; and the legal and evidentiary bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED on an interim basis to the extent provided herein pending the hearing on the Final Order granting the Motion.

2.     Any objection to the relief requested in the Motion being granted on a final basis must be filed in the Court and served on counsel to the Debtor so that such objection is received no later than **September __, 2019, at 5:00 p.m. (Pacific Time)** (the **"Objection Deadline"**).  If any party in interest files an objection, the Court will hold a hearing on the relief sought in the Motion on a final basis on **September __, 2019 at ___:00 a.m. (Pacific Time)** (the **"Final Hearing"**) at the United States Bankruptcy Court, Sacramento Division, Robert T. Matsui United States Courthouse, Judge Fredrick E. Clement, 501 I Street, Courtroom 28, Sacramento, California 95814.  If no objections are filed to the Motion, this Court may enter a Final Order on the Motion without holding the Final Hearing.

3.     Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the relief requested in the Motion on a final basis at the Final Hearing, and any such objection will be considered on a *de novo* basis at the Final Hearing.

4.     In the interim, the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

5.     Specifically, the Debtor is authorized, but not required, to use cash collateral, including the proceeds of sales of its inventory in accordance with the DIP Budget, attached as Exhibit 1 hereto, and the Debtor will be deemed in compliance with this requirement so long as the Debtor does not exceed the DIP Budget by up to fifteen percent on average across all expenditures during any four-week period.

6.     The Debtor will make adequate protection payments in the amount of interest accruing on the Secured Claims held by the Debtor's Secured Creditors, First U.S. Community Credit Union and Amazon Lending or Amazon Capital Services, Inc., (the **"Secured Creditors"**),

-2-

and the Secured Creditors are hereby deemed adequately protected thereby. In addition, the Secured Creditors are hereby granted replacement liens in the same priority, with respect to the same collateral, and to the same extent, whether valid or not, as the Secured Creditor's security interests attached before the Petition Date.

7.      Entry of this Interim Order is without prejudice the right of any party in interest to challenge the validity, priority, amount, and collateral of any security interest in the Debtor's property.

8.      Rule 6003 of the Bankruptcy Rules has been satisfied to the extent applicable.

9.      Notwithstanding Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective upon its entry.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Motion for Authority to Use Cash Collateral

**EXHIBIT 1**

**DIP BUDGET**

| Week Ending | 8/30/20 | 9/6/20 | 9/13/20 | 9/20/20 | 9/27/20 | 10/4/20 | 10/11/20 | 10/18/20 | 10/25/20 | 11/1/20 | 11/8/20 | 11/15/20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning of Week Cash | 166,285 | 155,836 | 169,036 | 187,906 | 145,195 | 134,560 | 95,545 | 73,052 | 63,199 | 45,111 | 30,293 | 20,931 |
| Income Inflows | 33,477 | 100,454 | 67,019 | 44,285 | 34,083 | 49,716 | 38,436 | 51,750 | 38,436 | 50,688 | 40,911 | 74,456 |
| Expense Outflows | (43,926) | (87,254) | (48,149) | (86,996) | (44,718) | (88,731) | (60,929) | (61,602) | (56,524) | (65,506) | (50,273) | (59,929) |
| Projected End of Week Cash | 155,836 | 169,036 | 187,906 | 145,195 | 134,560 | 95,545 | 73,052 | 63,199 | 45,111 | 30,293 | 20,931 | 35,458 |

**Cash Receipts:**

| | | 8/30/20 | 9/6/20 | 9/13/20 | 9/20/20 | 9/27/20 | 10/4/20 | 10/11/20 | 10/18/20 | 10/25/20 | 11/1/20 | 11/8/20 | 11/15/20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Receipts from Customers | | $ 33,477 | $ 39,955 | $ 67,019 | $ 44,285 | $ 34,083 | $ 49,716 | $ 38,436 | $ 51,750 | $ 38,436 | $ 50,688 | $ 40,911 | $ 74,456 |
| **Total Cash Receipts** | | $ 33,477 | $ 39,955 | $ 67,019 | $ 44,285 | $ 34,083 | $ 49,716 | $ 38,436 | $ 51,750 | $ 38,436 | $ 50,688 | $ 40,911 | $ 74,456 |

**Cash Disbursements:**

| | | 8/30/20 | 9/6/20 | 9/13/20 | 9/20/20 | 9/27/20 | 10/4/20 | 10/11/20 | 10/18/20 | 10/25/20 | 11/1/20 | 11/8/20 | 11/15/20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cost of Goods Sold | Payments to Suppliers | (12,194) | (19,262) | (12,767) | (25,394) | (24,000) | (27,725) | (12,868) | 0 | 0 | 0 | (211) | 0 |
| Advertising | Total Advertising | (21,750) | (21,750) | (21,750) | (28,750) | (15,944) | (21,750) | (21,750) | (28,750) | (51,750) | (21,750) | (21,750) | (28,750) |
| Wages, Salaries, Taxes & Benefits | Total wages, taxes & benefits | (4,662) | (25,807) | (2,169) | (25,279) | (1,801) | (29,001) | (2,169) | (25,279) | (1,801) | (28,501) | (2,669) | (25,279) |
| Facilities | Rent and Building Maintenance | (820) | (12,255) | (2,927) | (4,400) | (820) | (1,755) | (13,427) | (4,400) | (820) | (1,755) | (13,427) | (4,400) |
| Misc. | Sales Tax (sales tax) | | (3,000) | | | | (4,000) | | | | (12,000) | | |
| | Corporate Insurance  (Insurance) | (3,000) | | (1,836) | | | | (1,836) | | | | (1,836) | |
| | Accounting and Consulting | | (1,500) | | | | (3,000) | | | | | (1,500) | |
| | Intellectual Property | | | | | | | | | | | | |
| | Dues & Subscriptions | | | (5,200) | | | | (5,200) | | | | (5,200) | |
| | Misc. Expenses & Contingencies | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) |
| Post-Petition Secured Debt | Amazon Capital Services (Due | | | | (1,673) | | | | (1,673) | | | | |
| | FirstUSCCU (Due by 12th) | | (2,180) | | | | | (2,180) | | | | (2,180) | |
| | Kalamata | | | | | | 0 | | | 0 | | | |
| | EIDL: $731/mo begin 08/2021 | | | | | | | | | | | | |
| | Toyota (Due 26th) | | | | | (653) | | | | (653) | | | |
| | Total Sec. Debt. Pymnts | 0 | (2,180) | 0 | (1,673) | (653) | 0 | (2,180) | (1,673) | (653) | 0 | (2,180) | 0 |
| Administrative | Admin Costs (BK Cost/Legal) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | **Total Expense Outflows** | (43,926) | (87,254) | (48,149) | (86,996) | (44,718) | (88,731) | (60,929) | (61,602) | (56,524) | (65,506) | (50,273) | (59,929) |

We estimate that $60,499 will be released by payment processors on week ending 9/6/20

| | 11/22/20 | 11/29/20 | 12/6/20 | 12/13/20 | 12/20/20 | 12/27/20 | 1/3/21 | 1/10/21 | 1/17/21 | 1/24/21 | 1/31/21 | 2/7/21 | 2/14/21 | 2/21/21 | 2/28/21 | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 35,458 | 8,952 | 10,036 | 176,128 | 237,060 | 251,192 | 229,944 | 218,291 | 177,641 | 152,422 | 162,563 | 112,709 | 65,274 | 86,874 | 113,491 | $3,324,983 |
| | 38,248 | 59,404 | 245,254 | 153,317 | 128,300 | 98,186 | 58,429 | 52,364 | 32,521 | 76,551 | 35,517 | 59,080 | 51,419 | 83,168 | 43,900 | $1,839,368 |
| | (64,753) | (58,320) | (79,161) | (92,384) | (114,169) | (119,434) | (70,082) | (93,015) | (57,739) | (66,411) | (85,372) | (106,515) | (29,819) | (56,550) | (56,672) | ($1,904,933) |
| | 8,952 | 10,036 | 176,128 | 237,060 | 251,192 | 229,944 | 218,291 | 177,641 | 152,422 | 162,563 | 112,709 | 65,274 | 86,874 | 113,491 | 100,719 | $3,259,417 |
| | | | | | | | | | | | | | | | | **Total Inflows from 08/24/20** |
| $ | 38,248 | 59,404 | 245,254 | 153,317 | 128,300 | 98,186 | 58,429 | 52,364 | 32,521 | 76,551 | 35,517 | 59,080 | 51,419 | 83,168 | 43,900 | |
| $ | 38,248 | 59,404 | 245,254 | 153,317 | 128,300 | 98,186 | 58,429 | 52,364 | 32,521 | 76,551 | 35,517 | 59,080 | 51,419 | 83,168 | 43,900 | $1,778,869 |
| | (3,209) | 0 | (19,100) | (28,214) | (7,500) | (67,489) | (13,700) | (25,580) | (31,500) | (10,580) | (12,000) | (12,211) | 0 | 0 | 0 | ($365,506) |
| | (55,750) | (25,750) | (25,750) | (32,750) | (70,750) | (18,250) | (18,250) | (28,750) | (21,750) | (21,750) | (66,750) | (28,750) | (21,750) | (21,750) | (51,750) | ($816,444) |
| | (1,801) | (28,617) | (2,669) | (25,520) | (1,926) | (28,742) | (2,669) | (30,605) | (2,169) | (30,807) | (2,669) | (30,911) | (2,169) | (30,807) | (2,669) | ($399,163) |
| | (820) | (1,800) | (13,427) | (4,400) | (820) | (1,800) | (13,427) | (4,400) | (820) | (100) | (1,800) | (13,427) | (4,400) | (820) | (100) | ($123,567) |
| | | | (6,000) | | | (12,000) | | | | | | (9,000) | | | | ($46,000) |
| | | | (1,836) | | | (1,836) | | | | | | (1,836) | | | | ($14,016) |
| | | | (1,500) | | | (1,500) | | | | | | (1,500) | | | | ($10,500) |
| | | | | | (1,000) | | | | | | | | | | | ($1,000) |
| | | | (5,200) | | | (5,200) | | | | | | (5,200) | | | | ($31,200) |
| | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | (1,500) | ($40,500) |
| | (1,673) | | | | (1,673) | | | | | (1,673) | | | | (1,673) | | ($10,039) |
| | | 0 | (2,180) | | | 0 | | (2,180) | | | 0 | (2,180) | | | | ($13,078) |
| | | | | 0 | | | 0 | | 0 | | | | 0 | | | $0 |
| | | (653) | | | | (653) | | | | | (653) | | | | (653) | ($3,920) |
| | (1,673) | (653) | (2,180) | 0 | (1,673) | (653) | 0 | (2,180) | 0 | (1,673) | (653) | (2,180) | 0 | (1,673) | (653) | ($27,037) |
| | 0 | 0 | 0 | 0 | (30,000) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | ($30,000) |
| | (64,753) | (58,320) | (79,161) | (92,384) | (114,169) | (119,434) | (70,082) | (93,015) | (57,739) | (66,411) | (85,372) | (106,515) | (29,819) | (56,550) | (56,672) | ($1,904,933) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**FINAL ORDER**

1  Stephen M. Reynolds CSB 148902
   Reynolds Law Corporation
2  424 Second Street, Ste. A
   Davis, CA. 95616
3  530 297 5030 voice
   530 297 5077 fax
4  sreynolds@lr-law.net

5

6  *Proposed Attorneys for Debtor SlideBelts Inc.*

7                    **UNITED STATES BANKRUPTCY COURT**

8              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9  | | Case No. 20- |
   |---|---|
10 | In re: | DC No. RLC-1 |
11 | SLIDEBELTS INC., | Chapter 11 |
12 | Debtor. | Judge Fredrick E. Clement |
13 | | **Expedited Interim Hearing Requested** |

14

15         **FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL,**
           **GRANTING REPLACEMENT LIENS, AND APPROVING DIP BUDGET**

16

17     Upon the motion (the "**Motion**")[5] filed by the above-captioned debtor and debtor-in-

18  possession (the "**Debtor**") seeking entry of an order authorizing the Debtor to use certain cash

19  collateral, granting replacement liens, and approve the Debtor's proposed budget, attached as

20  Exhibit 1 to this Final Order; and the Court, having reviewed the Motion and having heard the

21  statements of counsel in support of the relief requested in the Motion at the hearing before the

22  Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter under 28 U.S.C.

23  §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion

24  and the Hearing were sufficient under the circumstances and that no further notice need be given;

25  and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

26

27  _____

28  [5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion for Authority to Use Cash Collateral

the relief granted herein on a final basis, and that such relief is necessary to avoid immediate and

irreparable harm to the Debtor's estate,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as provided herein on a final basis.

2.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

3.      Specifically, the Debtor is authorized, but not required, to use cash collateral, including the proceeds of sales of its inventory in accordance with the DIP Budget, attached as Exhibit 1 hereto, and the Debtor will be deemed in compliance with this requirement so long as the Debtor does not exceed the DIP Budget by up to fifteen percent on average across all expenditures during any four-week period. The Debtor may from time-to-time submit revised DIP Budgets to the Court and seek continued authorization to use cash collateral.

4.      The Debtor will make adequate protection payments in the amount of interest accruing on the Secured Claims held by the Debtor's Secured Creditors, First U.S. Community Credit Union and Amazon Lending or Amazon Capital Services, Inc., (the **"Secured Creditors"**), and the Secured Creditors are hereby deemed adequately protected thereby. In addition, the Secured Creditors are hereby granted replacement liens in the same priority, with respect to the same collateral, and to the same extent, whether valid or not, as the Secured Creditor's security interests attached before the Petition Date.

5.      Notwithstanding Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective upon its entry.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

**UCC-1 REPORT**

| UCC Type | Debtor Information | File Number | Secured Party Info | Status | Filing Date | Lapse Date |
|---|---|---|---|---|---|---|
| UCC | SLIDEBELTS INC. DBA SLIDEBELTS - EL DORADO HILLS, CA | 197692509432 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE - SPRINGFIELD, IL | Active | 01/16/2019 | 01/16/2024 |
| UCC | SLIDEBELTS INC. - EL DORADO HILLS, CA | 157460797288 | FC PARTNERS, LP (DBA FUNDING CIRCLE PARTNERS, LP) - SAN FRANCISCO, CA | Lapsed | 04/21/2015 | 04/21/2020 |
| UCC | SLIDEBELTS INC. - WILMINGTON, DE | U200000717011 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE - SPRINGFIELD, IL | Active | 07/16/2020 | 07/16/2025 |
| UCC | SLIDEBELTS INC. - EL DORADO HILLS, CA | 157478549131 | FIRST U.S. COMMUNITY CREDIT UNION - SACRAMENTO, CA | Active | 08/04/2015 | 08/04/2025 |
| UCC | SLIDEBELTS INC. - EL DORADO HLS, CA | U200009361831 | U.S. SMALL BUSINESS ADMINISTRATION - EL PASO, TX | Active | 08/06/2020 | 08/06/2025 |
| UCC | SLIDEBELTS INC. - EL DORADO HILLS, CA | 147425553309 | FC PARTNERS, LP (DBA FUNDING CIRCLE PARTNERS, LP) - SAN FRANCISCO, CA | Lapsed | 08/22/2014 | 08/22/2019 |
| UCC | SLIDEBELTS, INC - EL DORADO HILLS, CA | 167553264099 | MAGOO FINANCIAL - LONG BEACH, CA | Active | 10/28/2016 | 10/28/2021 |
| UCC | SLIDEBELTS INC. - EL DORADO HILLS, CA | 167553647408 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE - SPRINGFIELD, IL | Active | 11/01/2016 | 11/01/2021 |
| UCC | SLIDEBELTS INC. - EL DORADO HILLS, CA | 177619414535 | FIRST CORPORATE SOLUTIONS, AS REPRESENTATIVE - SACRAMENTO, CA | Active | 12/04/2017 | 12/04/2022 |


**CAPITOL** SERVICES

**REYNOLDS LAW CORPORATION**
**Attn: STEPHEN M REYNOLDS**
424 2ND ST STE A
DAVIS CA 95616-4675

## Project Spreadsheet

| | |
|---|---|
| **Date:** | 08/10/2020 |
| **Reference #:** | SlideBelts, Inc |
| **Contact:** | Leigh Johnson |
| **Phone #:** | 800 327 4842 |
| | Capitol Corporate Services/Sacramento |

| Entity | State | Jurisdiction | Thru Date | Original File Date | File Number | Secured Party | Related Filings | Case # |
|---|---|---|---|---|---|---|---|---|
| SLIDEBELTS, INC | DE | SECRETARY OF STATE | 7/31/20 | 3 FINANCING STATEMENT | | | | |
| SLIDEBELTS, INC | DE | SECRETARY OF STATE | 7/31/20 | 1/4/17 | 20170065877 | AMAZON CAPITAL SERVICES, INC. | AMENDMENT 11/16/2018 | |
| SLIDEBELTS, INC | DE | SECRETARY OF STATE | 7/31/20 | 9/4/19 | 20196155027 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | TERMINATION 04/13/2020 | |
| SLIDEBELTS, INC | DE | SECRETARY OF STATE | 7/31/20 | 7/14/20 | 20204853547 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | |

**Terms & Conditions:** Capitol Services, Inc. and its affiliates make no express or implied representation or warranty regarding any services provided. All liability shall be limited to the amount of the fee paid for services.

| Style Of Action |
|---|
| |
| |
| |

**Terms & Conditions:** Capitol Services, Inc. and its affiliates make no express or implied representation or warranty regarding any services provided.  All liability shall be limited to the amount of the fee paid for services.